F. Frazier Jelke
vs.
Eugenia Woodward Jelke
} Divorce No. 3189.

February 15, 1933.

CAPOTOSTO, J. The petition, in addition to other grounds, contains the following allegation: "And hath committed other gross misbehavior and wickedness repugnant to and in violation of the marriage covenant in that she deprived your petitioner of her companionship by going with other men both day and night." The respondent moves to strike out this allegation from the petition claiming that it is surplusage and insufficient to state a ground for divorce. The petitioner contends that any deficiency may be supplied by a bill of particulars.

The allegation as stated does not set out a ground for divorce. Taken as it stands, the statement is more consistent with harmless indiscretion than with licentious or brutal conduct.

Stevens vs. Stevens, 8 R. I. 557;

Walker vs. Walker, 38 R. I. 362.

The allegation in question cannot be cured by a bill of particulars, for "the office of a bill of particulars is not to make a pleading good in law which would otherwise be defective, but to furnish to the opposing party a more particular and detailed statement of facts which already appear as general averments in a pleading legally sufficient."

Kenyon vs. Hart, 38 R. I. 524, 527.

The respondent's motion to strike out is granted, with permission to the petitioner, if he so desires, to amend his petition within ten days from the filing of this rescript, by setting forth a sufficient allegation to support gross misbehavior.

Attorneys for petitioner: Burdick, Corcoran & Peckham.

Attorneys for respondent: Greenough, Lyman & Cross.